USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/12/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STANNY VARGAS,

      Plaintiff,

  - against -

NEW YORK CITY DEPARTMENT OF
CORRECTIONS, ET AL.,

      Defendants.

---

17 Civ. 2544 (JGK)

MEMORANDUM OPINION
& ORDER

JOHN G. KOELTL, District Judge:

  The pro se plaintiff, Stanny Vargas, a pretrial detainee at the Manhattan Detention Complex (the "MDC"), brings this 42 U.S.C. § 1983 action against the City of New York (the "City"), the New York City Department of Corrections (the "DOC"),[1] and DOC Officer Derrick Trotman.  The plaintiff alleges that the defendants violated his due process rights under the Fourteenth Amendment when the plaintiff was inadvertently sprayed with pepper spray by a DOC officer attempting to break up a fight between two non-party inmates.[2]  The plaintiff filed a Complaint on April 10, 2017 which he amended on December 11, 2017 (the

---

[1] The plaintiff's claims against the DOC are construed against the City because an agency of the City is not an entity that can be sued.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law."); see Brewton v. City of New York, 550 F. Supp. 2d 355, 368 (E.D.N.Y. 2008); Echevarria v. Dep't of Corr. Servs., 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999).  Therefore, the DOC must be dismissed as a defendant.

[2] While the plaintiff's Complaint did not specify what he was sprayed with, the plaintiff filled out an Inmate Grievance Form in which he stated that he was sprayed with "pepper spray."

1

"Amended Complaint"), to add Officer Trotman as a defendant. The Amended Complaint does not contain any factual allegations, and the Court therefore refers to the Complaint for the plaintiff's factual allegations.

The defendants move for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, which the Court construes as a motion to dismiss under Rule 12(b)(6) because the defendants have not yet filed an answer.[3] The date for the plaintiff's response to the defendants' motion was January 29, 2018. By Order dated January 29, 2018, the Court extended the plaintiff's time to respond to the motion to February 26, 2018. On January 31, 2018, the Court received a letter dated January 26, 2018, in which the plaintiff restated the facts in the Complaint. The Court granted a final extension to April 5, 2018, for the plaintiff to respond further to the defendants' motion. The Court explained that if the plaintiff did not respond, the Court would decide the motion on the papers that were submitted. The plaintiff did not respond. For the following reasons, the defendants' motion is **granted.**

---

[3] While the defendants termed their motion as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), because the defendants did not file an answer, their motion is properly termed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The terminology makes no difference because the standards under both motions are the same. See Hayden v. Paterson, 594 F.3d 150, 160 (2d Cir. 2010).

I.

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable inferences must be drawn in the plaintiff's favor. McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession

or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Taylor v. Vt. Dep't of Educ., 313 F.3d 768, 776 (2d Cir. 2002); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (brackets and internal quotation marks omitted). "Even in a pro se case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the Complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Pratt v. City of New York, 929 F. Supp. 2d 314, 316-17 (S.D.N.Y. 2013).

## II.

The Complaint alleges the following facts, which the Court accepts as true for purposes of this motion.

In June 2016, the plaintiff was a pretrial detainee at the MDC. Compl. 2-4. On June 8, 2016, the plaintiff was on the telephone when two inmates began fighting nearby. Id. at 4. Officer Trotman attempted to stop the fight by "spraying" the fighting inmates. Id. The plaintiff was also sprayed in the

4

face. Id. When the plaintiff asked Officer Trotman why the plaintiff was sprayed, Officer Trotman responded, "[y]our [sic] locked up and shit happens hold that down". Id.

After this incident, the plaintiff started having trouble breathing and seeing. Id. The plaintiff alleges that his eyes were "seriously injured and [he] now [has] breathing problems" that he did not have before he was sprayed. Compl. 5.

### III.

Construing the allegations in the Complaint liberally, the plaintiff alleges claims for excessive force, deliberate indifference to conditions of confinement, and deliberate indifference to medical needs. However, the plaintiff has not alleged sufficient facts to support these claims. The Complaint could also be very liberally construed to allege state law tort claims.

### A.

The defendants move to dismiss the plaintiff's claim for excessive force, arguing that Officer Trotman did not act with the necessary intent for an excessive force claim and that Officer Trotman's actions were objectively reasonable.

Because the plaintiff is a state pretrial detainee, his claim of excessive force is determined under the Due Process Clause of the Fourteenth Amendment. Darnell v. Pineiro, 849 F.3d 17, 21 n.3 (2d Cir. 2017). To be liable for a deprivation

5

of the plaintiff's Fourteenth Amendment due process rights, the defendants must have acted purposefully or knowingly, "or possibly [recklessly]". Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015). However, "negligently inflicted harm is categorically beneath the threshold of constitutional due process." Id. (internal quotation marks omitted).

In determining whether the force deliberately used was "excessive," courts apply a standard of objective reasonableness. Id. at 2473. An action is objectively reasonable when it is "rationally related to a legitimate governmental objective." Edrei v. Macguire, 892 F.3d 525, 536 (2d Cir. 2018) (citing Kingsley, 135 S. Ct. at 2473). An action is objectively unreasonable when it "can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense." Id. (quoting City of Sacramento v. Lewis, 523 U.S. 833, 847 (1998)). "[P]urposeful, knowing or (perhaps) reckless action that uses an objectively unreasonable degree of force is conscience shocking." Id. (emphasis removed).

In this case, the plaintiff alleges that Officer Trotman intended to spray the fighting inmates. At most, Officer Trotman's actions against the plaintiff were negligent, and thus he did not act with the requisite intent to use force against the plaintiff. With respect to the amount of force that was

6

actually used against the plaintiff, it was objectively reasonable because Officer Trotman was attempting to stop an inmate fight, which is a legitimate governmental objective for a DOC Officer and he did not use more force than necessary to quell the inmate altercation. See id.

Because Officer Trotman's actions against the plaintiff were, at most, negligent and because the plaintiff has not alleged facts that plausibly suggest that the pepper spray he experienced was objectively unreasonable, the defendants' motion to dismiss the plaintiff's excessive force claim is **granted**.

### B.

The defendants also move to dismiss the plaintiff's claim for deliberate indifference to conditions of confinement, arguing that the plaintiff has not alleged that Officer Trotman acted recklessly or that he failed to act with reasonable care.

For a pretrial detainee to establish a claim for deliberate indifference to conditions of confinement, the pretrial detainee must satisfy two elements -- an objective element and a subjective element. Darnell, 849 F.3d at 29.

Under the objective element, the requirements for violations of both the Eighth and Fourteenth Amendments are the same. Id. "The plaintiff must allege facts showing he was denied the minimal civilized measure of life's necessities." Cuffee v. City of New York, 15-cv-8916, 2017 WL 1134768, at *5

(S.D.N.Y. Mar. 27, 2017) (brackets and internal quotation marks omitted); see Darnell, 849 F.3d at 30. Moreover, the condition of confinement allegation "must be measured by its severity and duration, not the resulting injury." Darnell, 849 F.3d at 32.

Under the subjective or "mental element prong," the plaintiff must allege that "the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk" posed by the condition. Id. at 35. As with a claim for excessive force, sustaining a claim for deliberate indifference to conditions of confinement requires a plausible allegation that the defendants acted with at least recklessness in imposing the condition. Id. at 36. Recklessness in the context of a § 1983 claim requires that the deliberate indifference be the "product of a voluntary act (or omission) by the official." Id. at 36 n.16.

In this case, the defendants do not contest the objective element of the plaintiff's deliberate indifference claim related to his conditions of confinement. However, the plaintiff does not allege that Officer Trotman intentionally or deliberately pepper sprayed him or that Officer Trotman acted recklessly, such that Officer Trotman was reckless in being aware of a significant, unreasonable risk to the plaintiff caused by the pepper spray. Rather, the plaintiff alleges that Officer

8

Trotman intended to spray the fighting inmates and that the plaintiff "also got sprayed." Compl. 4. Thus, the plaintiff has not alleged the requisite intent for this claim.

Accordingly, the defendants' motion to dismiss the plaintiff's deliberate indifference claim related to his conditions of confinement is **granted**.

C.

The defendants also move to dismiss the plaintiff's claim for deliberate indifference to medical needs, arguing that the plaintiff has not alleged that he was deprived of medical care.

As with a deliberate indifference to conditions of confinement claim, the plaintiff must establish both an objective element and a subjective element to allege sufficiently a constitutional violation for deliberate indifference to medical needs. The plaintiff must allege that "the alleged deprivation of adequate medical care [is] sufficiently serious" and that "the defendant . . . act[ed] with a sufficiently culpable state of mind." Sankara v. City of New York, 15-cv-6928, 2018 WL 1033236, at *4 (S.D.N.Y. Feb. 22, 2018).

In his Complaint, the plaintiff fails to indicate any facts to support his claim that he was denied medical care. The plaintiff does not allege that the defendants deprived him of medical treatment, nor does the plaintiff allege any facts

9

giving rise to a plausible inference that the defendants were aware of any substantial risk related to the medical treatment provided at the clinic. Moreover, the plaintiff has not alleged any facts in his Complaint to suggest that Officer Trotman was involved at all in his medical care or lack of medical care. He has therefore failed to state any claim for deliberate indifference to medical needs.[4]

Accordingly, the defendants' motion to dismiss the plaintiff's claim for deliberate indifference to medical needs is **granted**.

## IV.

The defendants also move to dismiss the plaintiff's claim for municipal liability because the plaintiff has not established an underlying constitutional violation. "To hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." Batista v. Rodriguez, 702 F.2d 393, 397 (2d Cir. 1983).

---

[4] The only time the plaintiff mentioned medical care was in his Inmate Grievance Form. The Court should not rest its decision on this motion on that document because the plaintiff does not attach the Inmate Grievance Form to his Complaint or incorporate it by reference in his Complaint. See Chambers, 282 F.3d at 152-53. In any event, the plaintiff states in the Inmate Grievance Form that he was taken to the medical clinic and given a "consultation request" to allow him to get a clean uniform.

10

A policy or custom can be an agency's official policy or decision carried out by the agency's officers, or an unofficial custom that is so prevalent that it "constitute[s] a 'custom or usage' with the force of law." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Moreover, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

In this case, the plaintiff has not alleged sufficient facts to state a plausible constitutional claim, and he has failed to allege any official or unofficial policy or custom that caused any constitutional deprivation.

Accordingly, the defendants' motion to dismiss the municipal liability claim against the City of New York is **granted**.

**V.**

The defendants move to dismiss the plaintiff's state law claims, arguing that because the plaintiff has not pleaded adequately any federal claims, the Court should not exercise supplemental jurisdiction over the plaintiff's state law claims. Courts "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity" when deciding whether to exercise supplemental jurisdiction. Lundy v. Catholic Health Sys. of

11

Long Island Inc., 711 F.3d 106, 117-18 (2d Cir. 2013)(citation omitted). These factors counsel against hearing state law claims when the federal claims are dismissed at an early stage in the litigation. See Heard v. MTA Metro-N. Commuter R.R. Co., No. 02-cv-7565, 2003 WL 22176008, at *3 (S.D.N.Y. Sept. 22, 2003).

Because it "has dismissed all claims over which it has original jurisdiction," the Court declines to exercise supplemental jurisdiction over the plaintiff's state law claims. 28 U.S.C. § 1367(c)(3); see also Sklodowska-Grezak v. Stein, 236 F. Supp. 3d 805, 810 (S.D.N.Y. 2017).

**CONCLUSION**

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the reasons explained above, the defendants' motion to dismiss is **granted**. The Clerk is directed to enter judgment **dismissing the federal claims with prejudice** and **dismissing the state law claims without prejudice**. The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated:** New York, New York
July 12, 2018

_____
John G. Koeltl
United States District Judge